IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EMIL ASLONOV,

Petitioner,

v. No. 2:26-cv-02299-KG-JHR

MARY DE ANDA-YBARRA, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Emil Aslonov's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 9. Petitioner proceeds pro se. For the reasons below, the Court denies the habeas petition.

Petitioner, a native and citizen of Russia, entered the United States without inspection or parole in 2022. Doc. 1 at 1. The Department of Homeland Security ("DHS") detained him briefly and released him on his own recognizance. Doc. 9 at 1–2. On November 7, 2023, an immigration judge ordered him removed. *Id.* Petitioner appealed that decision with the Board of Immigration Appeals ("BIA"). *Id.*; *see id.* at 13–14.

On December 4, 2025, Petitioner was rearrested and taken into immigration custody. *Id.* at 1–2. On March 3, 2026, he withdrew his appeal of his removal order, rendering it administratively final. *Id.* at 23–24 (citing 8 C.F.R. § 1003.4).

Petitioner seeks immediate release. He argues that his detention violates the Immigration and Nationality Act and Due Process Clause of the Fifth Amendment because his removal is not reasonably foreseeable. Doc. 1 at 1, 3–4.

The Government opposes the Petition. It is "optimistic they will be able to remove Petitioner soon." Doc. 9 at 4. Nonetheless, its Response includes an affidavit from an ICE agent

familiar with Petitioner's case, stating that "the timeline to remove Petitioner is currently unknown." *Id.* at 30. It is currently "pending [travel document] issuance from Russian Consulate/Embassy." *Id.* at 31.

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available under § 2241 if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

"[T]he Government ordinarily secures [a noncitizen]'s removal during" the 90 days after a removal order becomes administratively final. *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1). A removal order becomes administratively final upon the earlier of the noncitizen's waiver of the right to appeal, or the expiration of the time to appeal if no appeal is filed. *See* 8 C.F.R. § 1241.1(a)–(c). During the 90-day "removal period," the noncitizen is typically detained. *Zadvydas*, 533 U.S. at 682. After that, the Government may detain the noncitizen for as long as is "reasonably necessary" to secure their removal. *Id.*; § 1231(a)(6).

Because a statute permitting indefinite detention of a noncitizen would raise Fifth Amendment due process concerns, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas*, 533 U.S. at 690, 699. A six-month detention period is presumptively reasonable. *Id.* After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must...rebut that showing" or release the noncitizen. *Id.* at 701. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future...shrink[s]." *Id.* The remedy for a *Zadvydas* claim is generally release of the petitioner under conditions of supervision. *E.g.*, *Gomez v. Mattos*, 2025

WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

Applying these principles, Petitioner's detention remains lawful under § 1231. Petitioner's removal order became administratively final on March 3, 2026, when he withdrew his appeal. Doc. 9 at 23–24. That finality triggered the removal period. *See* § 1003.4 (withdrawal of appeal reinstates the immigration judge's decision as final, as though no appeal had been taken); § 1241.1(b) (order becomes administratively final "upon waiver of appeal by the respondent"). Since that date, he has been detained for five months and three days.[1] Accordingly, his detention remains within the six-month period that *Zadvydas* recognized as presumptively reasonable, though that period will elapse in a few weeks. 533 U.S. at 701.

The Petition for a Writ of Habeas Corpus, Doc. 1, is therefore denied without prejudice. Petitioner may file a new habeas petition if he remains detained beyond the six-month period.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

[1] In its Response, the Government falsely represents that Petitioner has been detained beyond the six-month period and analyzed the Petition under *Zadvydas* burden-shifting standard. Doc. 9 at 3 ("Petitioner is beyond the six-month date since his arrest."). The Court encourages careful review of the immigration timeline in future filings.